Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
9200 E Pima Center Pkwy, Suite 300
Scottsdale, AZ 85258
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN LAZYAN,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION LLC,<br><br>Defendants. | Case No.: 2:26-cv-12247<br><br>**Complaint for Damages:**<br>**1. Violation of Fair Credit Reporting Act**<br>**2. Violation of California Rosenthal Fair Debt Collection Practices Act**<br>**3. Violation of California Consumer Credit Reporting Agencies Act** |

Plaintiff, Karen Lazyan, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA") whereby Plaintiff discovered inaccurate and misleading information reporting on their consumer credit reports, disputed that inaccurate and misleading information, and Defendants willfully or negligently refused to correct the inaccurate and misleading information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Los Angeles, California.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and by Cal. Civ. Code § 1785.3(b).

4. Defendant, Bank of America, N.A. ("Bank of America") is and at all times relevant hereto was, a lending institution regularly doing business in the State of California.

5. At all times pertinent hereto, Defendant Bank of America is a "person" as that term is defined in 15 U.S.C. §1681a(b) and Cal. Civ. Code § 1788.2(g), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

6. Defendant Bank of America was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by Cal. Civ. Code § 1788.2(d).

7. Defendants Bank of America is a "debt collector" as defined by Cal Civ. Code § 1788.2(c).

8. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in California.

9. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of California.

10. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

13. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit

reporting agency, licensed to do business in California.

14. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

15. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

16. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

17. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

18. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in California.

19. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of California.

20. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

21. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

22. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## III. JURISDICTION AND VENUE

23. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

24. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

25. Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California,

and this suit arises out of specific conduct with Plaintiff in California.

## IV. FACTUAL ALLEGATIONS

26. Plaintiff is a consumer who is the victim of inaccurate and misleading reporting by Defendants Bank of America, Experian, Equifax and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

27. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

28. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

29. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

30. Plaintiff discovered the Bank of America accounts balances $4,503 and $4,430 (the "Accounts") reporting on their Experian, Equifax and TransUnion credit reports in error.

31. The Accounts reports a late balance due and owing with a derogatory collection status in error.

32. The Plaintiff has no knowledge of these Accounts and believes it is the result of identity theft.

33. Plaintiff filed an FTC Identity Theft Report under penalty of perjury, reporting the fraudulent information associated with the Accounts for investigation and prosecution.

34. The Defendants continue erroneously to report the Accounts with balance due and owing inclusive of late fees and penalties and a derogatory status to the Plaintiff's consumer reports.

35. The false and misleading information regarding the Accounts appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict

Plaintiff's credit history and creditworthiness.

## PLAINTIFF'S WRITTEN DISPUTE

36. On or about June 29, 2026, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate and misleading information regarding the Accounts reporting on Plaintiff's Experian consumer report.

37. On or about June 29, 2026, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate and misleading information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

38. On or about June 29, 2026, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate and misleading information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

39. Upon information and belief, Experian, Equifax and TransUnion forwarded Plaintiff's Experian Dispute, Equifax Dispute, and TransUnion Dispute ("Dispute Letters") to Defendant Bank of America.

40. Upon information and belief, Bank of America received notification of Plaintiff's Dispute Letters from Experian, Equifax and TransUnion.

41. Upon information and belief, Bank of America verified the erroneous information associated with the Accounts to Experian, Equifax and TransUnion.

42. Bank of America failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

43. Experian, Equifax and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

44. Upon information and belief, Bank of America failed to instruct Experian, Equifax and TransUnion to remove the false and misleading information regarding the Accounts reporting on Plaintiff's consumer reports.

45. Experian, Equifax and TransUnion employed an investigation process that

was not reasonable and did not remove the false and misleading information regarding the Accounts identified in Plaintiff's Dispute Letters.

46. At no point after receiving the Dispute Letters did Bank of America, Experian, Equifax and TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

47. Experian, Equifax and TransUnion relied on their own judgment and the information provided to them by Bank of America rather than grant credence to the information provided by Plaintiff.

48. The Plaintiff was denied credit due to the erroneous information associated with the Accounts.

49. The Plaintiff refrained from needed credit applications due to the erroneous information associated with the Accounts.

50. Plaintiff has lost time and incurred expense working to resolve the adverse information associated with these accounts to prevent further harm, including one or more of the following: postage and certified-mail charges for mailing disputes, the cost of obtaining copies of credit reports and credit monitoring services, telephone and photocopying expenses, and mileage or travel undertaken to address the inaccurate reporting.

51. As a further result of the inaccurate reporting, Plaintiff has suffered emotional distress, including anxiety, worry, frustration, embarrassment, and humiliation, which has manifested physically in one or more of the following ways: loss of sleep, headaches, fatigue, upset stomach or other gastrointestinal distress, loss of or change in appetite, muscle tension, and nervousness.

## COUNT I – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

52. Plaintiff re-alleges and reaffirms the above paragraphs 1-51 as though fully set forth herein.

53. After receiving the Experian Dispute, Experian failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's Experian consumer report.

54. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

55. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

59. Plaintiff re-alleges and reaffirms the above paragraphs 1-51 as though fully set forth herein.

60. After receiving the Experian Dispute, Experian failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's Experian consumer report.

61. Defendant Experian violated 15 U.S.C. §1681i by failing to delete

inaccurate and misleading information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

62. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

63. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

64. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

65. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

66. Plaintiff re-alleges and reaffirms the above paragraphs 1-51 as though fully set forth herein.

67. After receiving the Equifax Dispute, Equifax failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

68. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

69. As a result of this conduct, action and inaction of Defendant Equifax,

Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

70. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

71. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

72. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

73. Plaintiff re-alleges and reaffirms the above paragraphs 1-51 as though fully set forth herein.

74. After receiving the Equifax Dispute, Equifax failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

75. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate and misleading information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

76. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

77. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

78. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

79. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

80. Plaintiff re-alleges and reaffirms the above paragraphs 1-51 as though fully set forth herein.

81. After receiving the TransUnion Dispute, TransUnion failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

82. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

83. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

84. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

85. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

86. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT VI – TRANSUNION**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

87. Plaintiff re-alleges and reaffirms the above paragraphs 1-51 as though fully set forth herein.

88. After receiving the TransUnion Dispute, TransUnion failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

89. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate and misleading information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

90. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

91. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

92. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

93. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – BANK OF AMERICA

## Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

94. Plaintiff re-alleges and reaffirms the above paragraphs 1-51 as though fully set forth herein.

95. After receiving the Dispute Letters, Bank of America failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer report.

96. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Bank of America's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false and misleading information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Bank of America's representations to consumer credit reporting agencies, among other unlawful conduct.

97. As a result of this conduct, action, and inaction of Defendant Bank of America, Plaintiff suffered damages and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

98. Defendant Bank of America's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

99. In the alternative, Defendant Bank of America was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

100. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Bank of America pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT VIII – Bank of America**

**Rosenthal Fair Debt Collection Practices Act – Cal Civ. Code § 1788.17**

101. Plaintiff re-alleges and reaffirms the above paragraphs 1-51 as though fully set forth herein.

102. Bank of America violated the RFDCPA at Cal. Civ. Code § 1788.17 as a debt collector collecting or attempting to collect a consumer debt and failing to comply with the provisions of Sections § 1692e(2)(a) and § 1692e(8), inclusive, of, and shall be subject to the remedies in Section § 1692k of, Title 15 of the United States Code.

**COUNT IX – Bank of America**

**California Consumer Credit Reporting Agencies Act – Cal Civ. Code § 1785.25(A)**

103. Plaintiff re-alleges and reaffirms the above paragraphs 1-51 as though fully set forth herein.

104. After receiving the Dispute Letters, Bank of America failed to correct the false and misleading information regarding the Accounts reporting on Plaintiff's consumer report.

105. Defendant violated Cal. Civ. Code § 1785.25(a) by furnishing incomplete, inaccurate and/or misleading information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

106. As a result of this conduct, action, and inaction of Defendant Bank of America, Plaintiff suffered damages and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

107. The conduct, actions and inactions by Bank of America were willful, rendering Bank of America liable for punitive damages in an amount of up to $5,000 for

each violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative Bank of America was negligent entitling the Plaintiff{s} to recover under Cal. Civ. Code § 1731(a)(1).

108. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to Cal. Civ. Code §1731(a)(1).

## COUNT X – EQUIFAX, EXPERIAN, TRANSUNION

## Fair Credit Reporting Act Violation – 15 U.S.C. §1681c-2

109. Plaintiff re-alleges and reaffirms the above paragraphs 1-51 as though fully set forth herein.

110. Plaintiff submitted a Federal Trade Commission Identity Theft Report to Equifax, Experian, and TransUnion that listed the Accounts as information that reports because of identity theft.

111. After receiving the Dispute Letters containing Plaintiff's FTC Report, Equifax, Experian, and TransUnion failed to block the Accounts from reporting to the Plaintiff's consumer reports.

112. Equifax, Experian, and TransUnion violated 15 U.S.C. §1681c-2 by failing to block the reporting of any information in Plaintiff's Equifax consumer file that the Plaintiff identified as information that resulted from identity theft.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory

remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Bank of America for noncompliance of the Rosenthal Fair Debt Collection Practices Act and seeks remedies as defined by Cal. Civ. Code § 1788.30 and demands:

A. Adjudging that Bank of America violated Cal. Civ. Code § 1788.17;

B. Statutory damages, pursuant to Cal. Civ. Code § 1788.30b, in the amount of $1,000.00;

C. Actual damages to be proven at trial, pursuant to Cal. Civ. Code § 1788.30a;

D. The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30c;

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Bank of America for noncompliance of the California Consumer Credit Reporting Agencies Act and seeks remedies as defined by Cal. Civ. Code 1785.25(A)and demands:

A. Adjudging that Bank of America violated Cal. Civ. Code 1785.25(A);

B. Punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative

negligent damages under Cal. Civ. Code § 1731(a)(1);

C. Actual damages to be proven at trial, pursuant to Cal. Civ. Code §1731(a)(1);

D. The costs of instituting this action together with reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code §1731(a)(1);

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted October 20, 2026

*/s/Garrett Charity*
Garrett Charity, Esq.
McCarthy Law, PLC
9200 E Pima Center Pkwy, Suite 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Garrett.Charity@mccarthylawyer.com
Attorney for Plaintiff